```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         MACON DIVISION
```

|  |  |
|---|---|
| VIOLET WHITBY JOHNSON and HAROLD JOHNSON, | * |
| Plaintiffs, | *    CASE NO. 5:07-CV-425(CDL) |
| vs. | * |
| BIBB COUNTY BOARD OF EDUCATION, SHARON PATTERSON, in her individual and official capacities as Superintendent of Bibb County Public Schools, and LINDA HAYDEN, in her official and individual capacities as Deputy Superintendent of Bibb County Public Schools, and MIKE VAN WYCK, in his official and individual capacities as Assistant Superintendent of Bibb County Public Schools, | * |
| Defendants. | * |

## O R D E R

Presently pending before the Court is Defendants' Motion to Compel Initial Disclosures and Discovery from Plaintiffs (Doc. 12). Plaintiffs have filed no response to the motion to compel. For the following reasons, the Court grants Defendants' motion and awards Defendants their attorney fees incurred in having to file this motion.

### BACKGROUND

Pursuant to the Scheduling Order entered in this case, Plaintiffs were required to serve initial disclosures by May 8, 2008. (Scheduling and Discovery Order 5, May 5, 2008.) Plaintiffs failed

1

to serve any initial disclosures and have not made any such disclosures to date.  On June 6, 2008, Defendants served discovery requests on Plaintiffs.  (*See* Exs. C-L to Defs.' Mot. to Compel). Plaintiffs have likewise failed to respond to those discovery requests.  Defendants seek an order compelling Plaintiffs to serve their initial disclosures and to respond to the discovery requests. Defendants also seek recovery of their expenses of $660.00 which were incurred in having to bring this motion.

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(1)(C) provides, in pertinent part, that "[a] party must make the initial disclosures at or within [fourteen] days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order[.]"  If a party fails to submit initial disclosures, "any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A).  In this case, the Rule 16/26 Scheduling Order established that both parties were required to serve initial disclosures by May 8, 2008.  Plaintiffs failed to meet this deadline and have still not made those disclosures.   Plaintiffs likewise failed to respond to Defendants' discovery requests. Federal Rule of Civil Procedure 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection[,]" if a party has failed to answer an interrogatory, failed to produce, or failed to permit an inspection.

Because Plaintiffs have failed to serve initial disclosures or respond to Defendants' discovery requests, Defendants' motion is granted.  Accordingly, Plaintiffs are ordered to serve their initial discovery disclosures and their responses to Defendants' discovery requests within thirty days of today's Order.  The Court further orders that Plaintiffs and their attorney, jointly, shall pay Defendants for their attorney fees in having to bring this motion in the amount of $660.00 and that payment shall be made to Defendants within thirty days of today's Order.  Plaintiffs are notified that if they do not comply with the Court's order, their complaint shall be subject to dismissal.

    IT IS SO ORDERED, this 6th day of October, 2008.

                                          S/Clay D. Land
                                              CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE